IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-961

Filed 19 November 2025

Moore County, Nos. 20CR051597-620, 20CR051598-620, 20CR051599-620, 20CR051600-620

STATE OF NORTH CAROLINA

v.

MARK OWEN MATTHEWS

Appeal by defendant from judgments entered 11 January 2024 by Judge Michael A. Stone in Moore County Superior Court. Heard in the Court of Appeals 11 June 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Kendell Williams, for the State.*

> *Jarvis John Edgerton, IV, for defendant-appellant.*

ZACHARY, Judge.

Defendant Mark Owen Matthews appeals from the trial court's judgments entered upon a jury's verdicts finding him guilty of one count each of possession of methamphetamine and carrying a concealed gun and two counts each of resisting a public officer and communicating threats. On appeal, Defendant argues that the trial court erred by (1) denying his motion to dismiss one charge of communicating threats, and (2) instructing the jury regarding false, contradictory, or conflicting statements allegedly made by Defendant. After careful review, we conclude that the trial court

erred by denying Defendant's motion to dismiss one charge of communicating threats but did not prejudicially err in its jury instructions. Accordingly, we reverse in part and remand for resentencing.

## I.    Background

Defendant's case came on for jury trial on 8 January 2024 in Moore County Superior Court. The evidence presented at trial tended to show the following:

On 16 June 2020, Officer Benjamin Haddock and Detective Evelyn Ballard of the Vass Police Department were on patrol and saw Defendant operating his vehicle in Vass although he was a non-licensed driver. While Defendant was parked at a gas station, Officer Haddock observed a known drug user lean into Defendant's driver-side window. Defendant briefly interacted with the individual and then drove away, as the officers followed. After verifying that Defendant had a suspended license, Officer Haddock initiated a traffic stop.

Officer Haddock and Detective Ballard exited their patrol vehicle and approached Defendant, who was belligerent. Officer Haddock twice ordered Defendant to exit his vehicle and step toward the patrol car, to which Defendant responded by screaming: "F*** you." Upon the officer's third order, Defendant still refused to comply. Following the fourth order, Defendant exited the vehicle but walked away from the officers, toward a convenience store. When the officers attempted to place Defendant under arrest, he resisted: he flailed about, elbowed Officer Haddock, screamed and cursed at the officers, and threatened to kill them and

their families. The officers eventually handcuffed Defendant and took him into custody.

At trial, Defendant faced charges for possession with intent to sell or deliver methamphetamine, possession of methamphetamine, injury to personal property, carrying a concealed gun, possession of an open container of alcohol in a passenger area, two counts of communicating threats, and two counts of resisting a public officer. At the close of the State's evidence, defense counsel made a motion to dismiss all charges, which the trial court granted in part as to the charges of possession of methamphetamine, injury to personal property, and possession of an open container of alcohol in a passenger area and denied as to the remainder of the charges. Defense counsel made a motion to dismiss the remaining charges at the close of all evidence; the trial court denied the motion.

On 11 January 2024, the jury returned verdicts finding Defendant guilty of one count each of possession of methamphetamine (instructed as a lesser-included offense of possession with intent to sell or deliver methamphetamine) and carrying a concealed gun, and two counts each of resisting a public officer and communicating threats. That same day, the trial court entered judgments against Defendant, consolidating his convictions for one count of communicating threats and both counts of resisting a public officer and sentencing him to a term of 120 days' imprisonment in the custody of the North Carolina Department of Adult Correction. The court also consolidated Defendant's remaining conviction for communicating threats and his

conviction for carrying a concealed gun and sentenced him to a consecutive term of 120 days' imprisonment. Finally, for Defendant's conviction for possession of methamphetamine, the trial court entered a judgment sentencing Defendant to a suspended term of 6 to 17 months' imprisonment and placing him on 18 months of supervised probation, to begin upon Defendant's release from prison.

Defendant entered oral notice of appeal.

## II. Discussion

Defendant argues that the trial court erred by 1) denying his motion to dismiss the charge of communicating threats as to Detective Ballard, and 2) delivering Pattern Jury Instruction 105.21, titled "False, Contradictory, or Conflicting Statements of Defendant."

### A. Standard of Review

"A trial court's denial of a motion to dismiss is reviewed de novo." *State v. Norris*, 294 N.C. App. 475, 477, 903 S.E.2d 225, 228 (2024) (italics omitted). Likewise, "[t]his Court reviews challenges to a trial court's decisions regarding jury instructions de novo." *State v. Carter*, 269 N.C. App. 329, 338, 837 S.E.2d 629, 636 (2020). "Under a de novo review, this Court considers the matter anew and freely substitutes its judgment for that of the lower court." *Id.* (cleaned up).

### B. Motion to Dismiss

Defendant asserts that the trial court erred when it denied his motion to dismiss the charge of communicating threats as to Detective Ballard because there

was no evidence that she "believed Defendant's alleged threats." We agree.

"A trial court's ruling on a motion to dismiss is determined by whether there is substantial evidence of each essential element of the crime and whether the defendant is the perpetrator." *State v. Guice*, 286 N.C. App. 106, 112, 879 S.E.2d 350, 354 (2022) (cleaned up). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). "In evaluating the sufficiency of the evidence to support a criminal conviction, the evidence must be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom." *Id.* (citation omitted).

Therefore, "if the record developed at trial contains substantial evidence, whether direct or circumstantial, or a combination, to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." *State v. White*, 289 N.C. App. 93, 96–97, 887 S.E.2d 902, 905–06 (citation omitted), *disc. review denied*, 385 N.C. 319, 891 S.E.2d 272 (2023).

A person is guilty of the offense of communicating a threat if:

> (1)   He willfully threatens to physically injure the person or that person's child, sibling, spouse, or dependent or willfully threatens to damage the property of another;
> (2)   The threat is communicated to the other person, orally, in writing, or by any other means;
> (3)   The threat is made in a manner and under circumstances which would cause a reasonable person to

> believe that the threat is likely to be carried out; and
> (4)    The person threatened believes that the threat will be carried out.

N.C. Gen. Stat. § 14-277.1(a) (2023).

Defendant does not challenge the first three elements of the charge of communicating threats as to Detective Ballard. Rather, Defendant's argument is limited to the fourth element—that the "person threatened believes that the threat will be carried out," *id.* § 14-277.1(a)(4)—evidence of which he asserts "d[id] not even rise to the level of speculation and conjecture" because "[t]he State tendered no evidence, from [Detective] Ballard or [Officer] Haddock or any other source, that in any way supports a conclusion that [Detective] Ballard believed the alleged threats from Defendant." Meanwhile, the State contends that under "the totality of the circumstances," it was reasonable for the jury to find that Detective Ballard believed the threat. In his reply brief, Defendant asserts that the State's argument is relevant only to the *third* element of the offense rather than the challenged *fourth* element.

As this Court has previously determined, "the conduct proscribed by [N.C. Gen. Stat.] § 14-277.1 is the making and communicating of the threat in the manner described in the statute, with no requirement that the threat be carried out." *State v. Hill*, 227 N.C. App. 371, 379, 741 S.E.2d 911, 917 (cleaned up), *disc. review denied*, 367 N.C. 223, 747 S.E.2d 577 (2013). However, the victim must in fact believe that the threat would be carried out. N.C. Gen. Stat. § 14-277.1(a)(4).

In *Hill*, the defendant threatened to assault a law enforcement officer after she

and another officer searched the defendant's cell. 227 N.C. App. at 372, 741 S.E.2d at 913. The officer testified at trial that "she both believed [the] defendant was capable of doing it, and believed that [the] defendant would carry out his threat if he had the opportunity to do so." *Id.* (cleaned up). The defendant argued on appeal that the State did not present sufficient evidence that the officer believed the threat "because she believed an attempted assault on her person could be contained with the help of her fellow officers." *Id.* at 379–80, 741 S.E.2d at 917. This Court rejected the defendant's argument, noting that the officer "also testified that she believed [the] defendant was capable of carrying out his threat and would do so on the condition that he had the opportunity." *Id.* at 380, 741 S.E.2d at 918.

In this case, however, the State did not present evidence tending to show that Detective Ballard "in fact believed the threat would be carried out." *Id.* at 379, 741 S.E.2d at 917 (citation omitted). As Officer Haddock and Detective Ballard were placing Defendant under arrest, he resisted by pulling away, cursing and screaming at the officers, and elbowing Officer Haddock. Officer Haddock testified that during the arrest, Defendant threatened both officers, declaring: "I'm going to kill you and your family." When asked at trial if he believed the threat, Officer Haddock answered: "Absolutely." Additionally, while under arrest and in Officer Haddock's patrol vehicle, Defendant stated: "I know where you live," and proceeded to accurately describe the house where Officer Haddock had previously resided and where Detective Ballard was currently residing. Defendant also called Detective Ballard "a fat whore" and "a

slut" and told her "that he was going to kill her whole family."

Significantly, however, although Officer Haddock testified that he "[a]bsolutely" believed the threat, he did not testify as to whether *Detective Ballard* believed Defendant's threat or exhibited any reaction or response manifesting her belief that Defendant would carry out the threat. Detective Ballard did not testify at trial.

On appeal, Defendant does not dispute that the threat was "made in a manner and under circumstances which would cause a reasonable person to believe that the threat [wa]s likely to be carried out." N.C. Gen. Stat. § 14-277.1(a)(3). But that is not the issue before us. The question is whether, viewed in the light most favorable to the State, there was substantial evidence presented at trial to support the fourth essential element of the offense: that Detective Ballard believed that Defendant would carry out his threat. *See id.* § 14-277.1(a)(4).

Defendant's threats to the two law enforcement officers were reprehensible. Nevertheless, there was no evidence—direct or circumstantial—presented at trial evincing Detective Ballard's belief that Defendant would carry out his threat. Accordingly, the trial court erred by denying Defendant's motion to dismiss as to this charge.

## C. Pattern Jury Instruction 105.21

Defendant also argues that "[t]he trial court prejudicially erred when it overruled [his] objection to the State's request to instruct the jury with Pattern Jury

Instruction 105.21 regarding alleged False, Contradictory[,] or Conflicting Statements [of] Defendant."

"Our Supreme Court has held that false, contradictory, or conflicting statements made by an accused concerning the commission of a crime may be considered as a circumstance tending to reflect the mental processes of a person possessed of a guilty conscience seeking to divert suspicion and to exculpate himself." *Carter*, 269 N.C. App. at 338, 837 S.E.2d at 636 (citation omitted). "The probative force of such evidence is that it tends to show consciousness of guilt." *Id.* (citation omitted).

"A trial court may only use a jury instruction to this effect if the defendant's statement is relevant to proving that [he or] she committed the crime and indeed provides substantial probative force, tending to show consciousness of guilt." *Id.* at 338–39, 837 S.E.2d at 637 (cleaned up). "The instruction is proper not only where [the] defendant's own statements contradict each other but also where [the] defendant's statements flatly contradict relevant evidence. The instruction is inappropriate if it fails to make clear to the jury that the falsehood does not create a presumption of guilt." *Id.* at 339, 837 S.E.2d at 637 (cleaned up).

"Generally, an error in jury instructions is prejudicial and requires a new trial *only if* there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." *State v. Voltz*, 255 N.C. App. 149, 156, 804 S.E.2d 760, 765 (2017)

(cleaned up).

At trial, Defendant testified regarding the circumstances of the traffic stop:

> [Defense counsel:] All right. And so tell me what happened when you got stopped?
>
> [Defendant:] I was stopped at the store, let the girl go in, get her something to eat, and she knocked the stuff out of the seat . . . on the ground, and I picked it up and got charged with it.
>
> [Defense counsel:] What stuff is that?
>
> [Defendant:] The two candy containers and the pistol.

On cross-examination, the State questioned Defendant further about this incident:

> [The State:] All right. Now, and your testimony further goes on that when you pulled into the parking spaces at the [gas station], she gets out and she knocks some candy onto the ground; is that correct?
>
> [Defendant:] The containers on the ground.
>
> [The State:] Okay. And you pick it up; is that correct?
>
> [Defendant:] That's right.
>
>     . . . .
>
> [The State:] Okay. And so this container that's in your vehicle gets knocked out; correct?
>
> [Defendant:] The what now?
>
> [The State:] The container that's in your vehicle --
>
> [Defendant:] Two containers --

- 10 -

[The State:] -- gets knocked out --

[Defendant:] -- fell out.

Cross-examination continued, and the State eventually also asked Defendant about the pistol:

> [The State:] Okay. So now your story is, is that when she gets . . . out, she knocks the pistol out, too?
>
> [Defendant:] Correct. The two containers and the pistol.
>
> [The State:] You didn't mention that just a moment ago.
>
> [Defendant:] What did I mention?
>
> [The State:] You said she just knocked out the candy containers.
>
> [Defendant:] Well, that's what the damn -- that's what the -- two candy containers and the pistol. Weren't the drugs in them?

During the charge conference, the State requested that the trial court deliver Pattern Jury Instruction 105.21, "False, Contradictory, or Conflicting Statements of Defendant." In support of its request, the State argued that Defendant's testimony was inconsistent as to whether the gun was knocked out of his vehicle. Over Defendant's objection, the trial court granted the State's request and delivered the following instruction to the jury:

> Ladies and gentlemen, the State contends, and . . . [D]efendant denies, that . . . [D]efendant made false[,] contradictory[,] or conflicting statements.

> If you find that . . . [D]efendant made such statements they may be considered by you as a circumstance tending to reflect the mental process of a person possessed of a guilty conscience seeking to defer suspicion or to exculpate the person, and you should consider that evidence along with all the other believable evidence in this case. However, if you find . . . [D]efendant made such statements, they do not create a presumption of guilt and such evidence standing alone is not sufficient to establish guilt.

Assuming, *arguendo*, that the challenged instruction should not have been delivered, on appeal "Defendant acknowledges that Pattern Jury Instruction 105.21 notes that Defendant denies making false statements and states it is up to the jury to decide if Defendant made such statements." "The law presumes that jurors follow the court's instructions." *State v. Tirado*, 358 N.C. 551, 581, 599 S.E.2d 515, 535 (2004), *cert. denied*, 544 U.S. 909, 161 L. Ed. 2d 285 (2005); *see also State v. Hauser*, 271 N.C. App. 496, 498, 844 S.E.2d 319, 322 (2020) ("Our system of justice is based upon the assumption that trial jurors are women and men of character and of sufficient intelligence to fully understand and comply with the instructions of the court, and are presumed to have done so." (citation omitted)).

Indeed, as factfinder, it was for the jury to determine whether Defendant made such statements. Moreover, the trial court made it clear that these statements "d[o] not create a presumption of guilt, and such evidence standing alone is insufficient to establish guilt." *Carter*, 269 N.C. App. at 340, 837 S.E.2d at 637–38. We presume that "jurors follow the court's instructions," *Tirado*, 358 N.C. at 581, 599 S.E.2d at 535,

and therefore, Defendant cannot show prejudice by the trial court's inclusion of Pattern Jury Instruction 105.21 in its jury charge.

**III.    Conclusion**

For the foregoing reasons, we conclude that there was no prejudicial error in the jury charge. We reverse Defendant's conviction for communicating threats as to Detective Ballard and—because the two convictions for communicating threats were separated between two judgments with no indication as to which conviction and judgment corresponded to which officer—remand for resentencing.

NO PREJUDICIAL ERROR IN PART; REVERSED IN PART AND REMANDED FOR RESENTENCING.

Judges TYSON and COLLINS concur.